HELM et al. v. WELLS FARGO & CO. EXPRESS. (No. 5483.)

(Court of Civil Appeals of Texas.  Austin.
May 5, 1915.)

1. CARRIERS ⊂⊃20—RATES—EXPRESS COMPANIES—RECOVERY OF PENALTY.

Since Acts 22d Leg. c. 45, relating to express companies, was intended, as to express companies, to cover the entire field covered by the act of the same Legislature (Acts 22d Leg. c. 51) relating to railroads, though it does not authorize the recovery of a penalty by private individuals, the penalty provision of the latter act does not refer to express companies, notwithstanding a provision that all laws prescribed for railroads, in so far as applicable, shall apply to express companies; and hence an individual cannot recover from an express company for extortion and discrimination in rates the penalty prescribed by the railroad act.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. ⊂⊃20.]

2. STATUTES ⊂⊃207—CONSTRUCTION—GENERAL AND PARTICULAR INTENTION.

Where a statute expresses a general intention and also a particular intention incompatible with it, the particular intention may be deemed an exception to the general one.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 284; Dec. Dig. ⊂⊃207.]

3. PENALTIES ⊂⊃3—STATUTORY PENALTIES—RIGHT TO RECOVER.

A statutory penalty cannot be recovered unless it is clearly authorized by statute.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. § 3; Dec. Dig. ⊂⊃3.]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Action by W. V. Helm and others against the Wells Fargo & Co. Express. From judgment for defendant, plaintiffs appeal. Affirmed.

Critz & Woodward, of Coleman, for appellants. Baker, Botts, Parker & Garwood, of Houston, and Snodgrass, Dibrell & Snodgrass, of Coleman, for appellee.

KEY, C. J. W. B. and Lizzie L. Helm instituted this suit against the Wells Fargo & Co. Express to recover statutory penalties for alleged extortion and discrimination against the plaintiffs by the defendant in the matter of express rates for the transportation of freight, alleged to have been transported by the defendant. In its answer the defendant presented what was, in effect, a general demurrer, though it assigned two reasons for asserting that plaintiffs' petition stated no cause of action, which reasons were: (1) That if the petition showed that the defendant had committed the wrongs complained of, then there was no statute authorizing the plaintiffs to recover a penalty on account of such wrongs; and (2) that no one except the Railroad Commission or the state of Texas is authorized to sue an express company for the recovery of statutory penalties on account of such wrongs as those stated in the plaintiffs' petition. The trial court sustained the exceptions re-

ferred to, and the plaintiffs have appealed.

[1] The Twenty-Second Legislature passed two separate bills, one entitled "An act to establish a Railroad Commission for the state of Texas, whereby discrimination and extortion in railroad charges may be prevented, and reasonable freight and passenger tariffs may be established; to prescribe and authorize the making of rules and regulations to govern the Commission and the railroads, and afford railroad companies and other parties adequate remedies; to prescribe penalties for the violation of this act and to provide means and rules for its enforcement," and the other entitled "An act to regulate rates or charges to be made by express companies for the transportation of all such articles of freight, money, papers and packages of any kind; to require such express companies to receive and promptly deliver same at the express office nearest destination and to make all such express companies subject to the control and regulation of the Railroad Commission of Texas, and to prescribe the penalties for the violation of this act."

Section 17 of the act establishing the Railroad Commission provides, in substance, that if any railroad subject to that act shall violate any of its provisions, it shall be liable to the person injured thereby for the damages sustained in consequence of such violation; and if such misconduct amounts to extortion or discrimination, as defined in the act, then, in addition to such damages, the railroad so offending shall pay to the injured party a penalty of not less than $125 nor more than $500, to be recovered in any court of competent jurisdiction in any county into or through which such railroad may run. Section 22 of that act defines the terms "road," "railroad," "railroad companies," and "railroad corporations," as used therein, as meaning and embracing—

"all corporations, companies, individuals and associations of individuals, their lessees or receivers that may own, operate, manage or control any railroad or part of a railroad in this state; and all such corporations, companies and associations of individuals, their lessees or receivers as shall do the business of common carriers on any railroad in this state."

Appellants predicate their right to recover the penalties sued for upon these two sections of that act, and if that was the only statute to be considered, their contention might be sustained. But the act relating to express companies, passed by the same session of the Legislature, covers the same field in reference to express companies that the act, portions of which are relied on by appellants, covers with reference to railroads. The first section declares that:

"Every person, firm or corporation, which shall do the business of an express company, upon railroads or otherwise, in this state, by the carrying of any kind of property, money, papers, packages or other things, are hereby declared to be common carriers, and shall receive, safely carry and promptly deliver at the ex-

press office nearest destination, every such article as may be tendered to them," etc.

By the second section the Railroad Commission of the state is given the power, and it is made its duty, to fix and establish reasonable and just rates and charges for property transported by express companies. The third and fourth sections of that law read as follows:

"Sec. 3. Every express company doing business in this state which shall demand or receive a greater compensation than that which may be prescribed and fixed by the * * * Railroad Commission for the transportation of any class or kind of property, money, papers, packages or things, shall be deemed guilty of extortion, and shall forfeit and pay to the state of Texas a sum not to exceed five hundred dollars for each offense; provided, that if it shall appear that such violation was not willful, said company shall have ten days to refund such overcharges or damages, in which case the penalty shall not be incurred. And the said Commission shall have authority and it shall be its duty to sue for and recover the same in the same manner as may be prescribed by law for like suits against railroad companies.

"Sec. 4. The said Commission shall have authority and it shall be its duty to call upon such express companies for reports, and investigate their books in the same manner as may be prescribed by law for the regulation of railroad companies, and the said Commission shall have power and authority to institute suits, sue out such writs and process as may be applicable and authorized for the regulation of railroad companies. All laws, rules and regulations made and prescribed for the government and control of railroads in so far as they are applicable, shall be of equal force and effect against all express companies."

In the plaintiffs' petition it is charged that the express company had demanded and received greater compensation than that which had been prescribed and fixed by the Railroad Commission for the transportation of certain property. Section 14 of the act relating to the Railroad Commission, in effect, defines extortion as charging, collecting, demanding or receiving a greater rate of compensation than that fixed and established by the Railroad Commission, and authorizes the state to sue for and recover a penalty of not less than $100 nor more than $5,000 for each act of extortion. Section 15 of that act defines unjust discrimination as follows:

"If any railroad subject hereto, directly or indirectly, or by any special rate, rebate, drawback, or other device, shall charge, demand, collect, or receive from any person, firm, or corporation a greater or less compensation for any service rendered or to be rendered by it than it charges, demands, collects, or receives from any other person, firm or corporation for doing a like and contemporaneous service, such railroad shall be deemed guilty of unjust discrimination, which is hereby prohibited.

"(a) It shall also be an unjust discrimination for any such railroad to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality, or to subject any particular description of traffic to any undue or unreasonable prejudice, delay, or disadvantage in any respect whatsoever.

"(b) Every railroad company which shall fail or refuse, under such regulations as may be prescribed by the Commission, to receive and transport without delay or discrimination the passengers, tonnage, and cars, loaded or empty, of any connecting line of railroad, and every railroad which shall, under such regulations as may be prescribed by the Commission, fail and refuse to transport and deliver without delay or discrimination any passengers, tonnage, or cars, loaded or empty, destined to any point on or over the line of any connecting line of railroad, shall be deemed guilty of unjust discrimination: Provided, perishable freights of all kinds and live stock shall have precedent of shipment.

"(c) It shall also be unjust discrimination for any railroad subject hereto to charge or receive any greater compensation in the aggregate for the transportation of like kind of property or passengers for a shorter than for a longer distance over the same line: Provided, that upon application to the Commission any railroad may in special cases, to prevent manifest injury, be authorized by the Commission to charge less for longer than for shorter distances for transporting persons and property, and the Commission shall, from time to time prescribe the extent to which such designated railroad may be relieved from the operations of this provision: Provided, that no manifest injustice shall be imposed upon any citizen at intermediate points. Provided, further, that nothing herein shall be so construed as to prevent the Commission from making what are known as 'group rates' on any line or lines of railroad in this state."

That section also fixes the penalty for each act of unjust discrimination to be recovered by the state, the same being not less than $500 nor more than $5,000.

The act establishing the Railroad Commission is a general statute, relating to all corporations, companies, and associations, their lessees or receivers, doing business as a common carrier on any railroad in this state; while the act relating to express companies is a special statute, applying to a special class of corporations and persons, and is full and complete within itself. Such being the case, and both statutes having been passed at the same session of the Legislature, they are to be construed in pari materia, and, if possible, both permitted to have effect, even though in order to reach that result it should be necessary to hold that that portion of the act relating to the Railroad Commission and defining the terms "road," "railroad" and "railroad companies" as including all such "corporations, companies, * * * and associations of individuals, their lessees or receivers, * * * as shall do the business of common carriers on any railroad in this state" was not intended to apply to and include express companies.

There is no provision of the act relating to express companies which authorizes the recovery of a penalty by a private individual, and unless the other act establishing the Railroad Commission is to be read into and construed as a part of the statute relating to express companies, no such right to recover a penalty exists, and we are of opinion that such construction should not be adopted. The statute relating to express companies, with the exception hereafter to be noted, shows on its face that it was intended to cover the entire field, and therefore it must be construed as a limitation upon section

22 of the act relating to the Railroad Commission, and as eliminating express companies from the general definition therein given.

[2] It is a well-known rule of construction that when a general intention is expressed and also a particular intention which is incompatible with the general one, the particular intention shall be considered as an exception to the general one, and that rule has application to this case.

[3] We have not overlooked the fact that the statute relating to express companies provides that:

"All laws, rules and regulations made and prescribed for the government and control of railroads, in so far as they are applicable, shall be of equal force and effect against all express companies."

We do not think that provision should be so construed as to incorporate the penalty features of the other statute into the statute regulating express companies. When a statutory penalty is sought to be recovered, such recovery will not be allowed, unless it is clearly prescribed and authorized by statute. A reasonable construction of the statute under consideration is that, when the Legislature declared that "all laws, rules and regulations made and prescribed for the government and control of railroads, in so far as applicable, shall be of equal force and effect as against all express companies," nothing more was intended than to require express companies to do and refrain from doing the things prescribed with reference to railroads, in so far as they were applicable to express companies. This construction does not embrace the right to recover penalties, and we do not think this statute should be given a wider and broader construction, merely for the purpose of imposing penalties which the Legislature could have imposed by express language, in this very statute, but which it failed to do.

So our conclusion is that the trial court decided the case correctly, and therefore the judgment rendered by that court is affirmed.

Affirmed.